# EXHIBIT A
# TO THE DECLARTION OF WENDY LAZERSON

JAMS ARBITRATION

Teri Prowant, and Tamara
Mitchell-Johnson, individually and
On behalf of others similarly situated,

      Claimants,

v.

                                     JAMS Case No. 1440004125
                                     R. Wayne Thorpe, Arbitrator

Federal National Mortgage Association,
f/k/a Fannie Mae,

      Respondent.

---

## PRELIMINARY ORDER NO. 2
### Depositions and other class related issues

This case was filed by the two claimants named above, "individually and on behalf of others similarly situated," alleging violations of the Fair Labor Standards Act. The dispute is arbitrable under the Respondent's Dispute Resolution Policy ("DRP").

On August 28, 2014, I held a preliminary conference with counsel. During that hearing, in discussing the scheduling of various matters including a motion for class certification, counsel for Respondent stated that Respondent would want to take depositions of Claimants in connection with such motion; Claimants' counsel argued against the need for such depositions. During that preliminary conference I worked out a schedule for Claimants to file a motion to prohibit the depositions, get a response, and hold a

1

telephone hearing.  Afterwards I circulated a draft order, received comments, and then entered Preliminary Order No. 1, signed September 10 (mistakenly stating the preliminary conference had occurred "today").

Pursuant to Order No. 1, on September 10, Claimant filed a Motion to Prohibit Pre-Certification Depositions, and on September 22, Respondent filed an Opposition.  On September 26, I held a telephone hearing of almost an hour devoted primarily to the issues raised in these filings.

On September 25, 2014, Claimant filed several additional motions:

1.  Motion for Clause Construction Award;

2.  Motion for Conditional Certification of 216(b) Collective Action;

3.  Motion for Certification Under JAMS Class Procedures; and,

4.  Claimant's Motion for Corrective Notice.

The principal arguments advanced in the Motion to Prohibit Pre-Certification Depositions are that Respondent has already fully investigated the claims in this case and cannot show why it needs the depositions and that under applicable case law conditional certification is analyzed under a "lenient" standard in any event.  Although Respondent no doubt has thoroughly investigated claims made by one or more arguably similarly situated employees, and has evaluated a relevant group of employees for the purpose of evaluating and changing their job classifications, it has not previously had to address the class certification arguments based on the Rule 23-like analysis set forth in the JAMS

class procedures.  It now faces two separate motions seeking certification, alternately under both the JAMS procedure and FLSA, 29 USC § 216(b).  Claimants have made a host of assertions in the two alternate motions (which run to 35 pages in length without counting attached exhibits) calling for responses from Respondent, and there is a legitimate need for limited depositions to allow a proper response.

That said, however, this is an arbitration, and not a federal court case; it is the forum the Respondent chose for this dispute.  Arbitration is intended to move more quickly, efficiently, and economically than an analogous court case.  Discovery will typically be more limited as compared to a typical case in court.  The DRP itself spells out certain discovery limitations in ¶ 10.  The JAMS Employment Rules, incorporated by virtue of DRP ¶ 6, contains additional limitations, *e.g.*, Rule 17. While it is not the purpose of this order to make broad-based rulings on how discovery will be conducted in this case, the current issue related to pre-certification depositions must be viewed with these goals of arbitration in mind.

Respondent may take pre-certification depositions of each Claimant under the following circumstances:

1.  Each claimant may be deposed in this case for a total of 6 hours, of which up to 3 hours of the time for each Claimant may be used pre-certification at the election of Respondent; and,

2.  Pre-certification depositions shall be taken on or before October 24 in Atlanta.

Respondent shall respond in writing to the motions for certification on or before November 4 and to the other two motions related to clause construction and corrective notice on or before October 24. There will be a hearing at the JAMS office in Atlanta on November 14 commencing at 9:00 am eastern time on all four motions. Counsel should plan on a half day for the hearing, and hopefully it will not take that long. (If travel for counsel travelling to Atlanta for the hearing can be made less inconvenient by moving the hearing to a later time on November 14 please let the case manager know that promptly.)

One of the concerns expressed by Claimants in having pre-certification depositions is that the limitations period are running on claims of potential class members without any certainty as to possible tolling. To ameliorate that issue, during the hearing on the Motion to Prohibit Pre-Certification Depositions, Respondent proposed a stipulation for a limited tolling of the limitations period; at my request, following the hearing, Respondent's counsel circulated that proposal in writing. Claimants' counsel rejected this proposal. I have no view one way or the other as to its possible merits. Although the running of the limitations period is an understandable concern, absent agreement of the parties or an appropriate motion and briefing, I am unwilling to order the limitations period tolled.

In Order No. 1 counsel were directed to confer on exchanging documents. On September 25, I received an email from Claimants' counsel outlining several potential discovery disputes. From my conversation with counsel in the September 26 telephone hearing, it

appears that none of those issues need to be addressed presently except for the one related to pre-certification depositions which is addressed above.

Finally, in the September 26 telephone hearing counsel briefly discussed another FLSA case involving Respondent. Respondent contends that the award and other proceedings in that case are confidential; Claimants maintain that under the applicable provisions of the DRP it is not. I have directed that if Respondent wants me to address this confidentiality issue as pertains to this case, it should file an appropriate motion in this case.

So ORDERED, this _____ day of _____ 2014.

_____
R. Wayne Thorpe, Arbitrator

## SERVICE LIST

| | | | |
|---|---|---|---|
| **Case Name:** | Mitchell-Johnson, Tamara, et al. vs. Federal National Mortgage Asso | **Hear Type:** | Arbitration |
| **Reference #:** | 1440004125 | **Case Type:** | Employment |
| **Panelist:** | Thorpe, R. Wayne, | | |

---

### Seth  Blonder

Fannie Mae
Seth  Blonder
3900 Wisconsin Ave., NW
Legal Department/Employment
Washington, DC  20016-2892
seth_j_blonder@fanniemae.com

Respondent
Phone: 202-752-7000

> **Party Represented:**
> Federal National Mortgage Association

### Anne  English

Fannie Mae
Anne  English
3900 Wisconsin Ave., NW
Legal Department/Employment
Washington, DC  20016-2892
anne_english@fanniemae.com

Respondent
Phone: 202-752-7000

> **Party Represented:**
> Federal National Mortgage Association

### Jerilyn E. Gardner

Fried & Bonder
Jerilyn E. Gardner
1170 Howell Mill Rd NW
White Provision, Suite 305
Atlanta, GA  30318
jgardner@friedbonder.com

Claimant
Phone: 404-995-8808
Fax: 404-995-8899

> **Party Represented:**
> Tamara Mitchell-Johnson
> Teri Prowant

### C. Andrew Head

Fried & Bonder
C. Andrew Head
1170 Howell Mill Rd NW
White Provision, Suite 305
Atlanta, GA  30318
ahead@friedbonder.com

Claimant
Phone: 404-995-8808
Fax: 404-995-8899

> **Party Represented:**
> Tamara Mitchell-Johnson
> Teri Prowant

### Y. Angela  Lam

Sidley Austin LLP
Y. Angela  Lam
1001 Page Mill Road
Building 1
Palo Alto, CA  94304
angela.lam@sidley.com

Respondent
Phone: 650-565-7000
Fax: 650-565-7100

> **Party Represented:**
> Federal National Mortgage Association

### Wendy M. Lazerson

Sidley Austin LLP
Wendy M. Lazerson
1001 Page Mill Road
Building 1
Palo Alto, CA  94304
wlazerson@sidley.com

Respondent
Phone: 650-565-7000
Fax: 650-565-7100

> **Party Represented:**
> Federal National Mortgage Association

### Damien G. Stewart

Fannie Mae
Damien G. Stewart
3900 Wisconsin Ave., NW
M.S. 1H-2S/05 Room #3221
Washington, DC  20016-2892
damien_g_stewart@fanniemae.com

Respondent
Phone: 202-752-7000
Fax: 240-699-2924

> **Party Represented:**
> Federal National Mortgage Association

## <u>PROOF OF SERVICE BY EMAIL & U.S. MAIL</u>

Re: Mitchell-Johnson, Tamara, et al. vs. Federal National Mortgage Association
Reference No. 1440004125

I, Lauryn Hall, not a party to the within action, hereby declare that on  September 29, 2014 I served

the attached Preliminary Order No. 2 on the parties in the within action by Email and by depositing true copies

thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Atlanta,

GEORGIA, addressed as follows:

C. Andrew Head Esq.
Jerilyn E. Gardner Esq.
Fried & Bonder
1170 Howell Mill Rd NW
White Provision, Suite 305
Atlanta, GA   30318
Phone: 404-995-8808
ahead@friedbonder.com
jgardner@friedbonder.com
   Parties Represented:
   Tamara Mitchell-Johnson
   Teri Prowant

Wendy M. Lazerson Esq.
Y. Angela Lam Esq.
Sidley Austin LLP
1001 Page Mill Road
Building 1
Palo Alto, CA   94304
Phone: 650-565-7000
wlazerson@sidley.com
angela.lam@sidley.com
   Parties Represented:
   Federal National Mortgage Association

Seth Blonder Esq.
Anne English Esq.
Fannie Mae
3900 Wisconsin Ave., NW
Legal Department/Employment
Washington, DC   20016-2892
Phone: 202-752-7000
seth_j_blonder@fanniemae.com
anne_english@fanniemae.com
   Parties Represented:
   Federal National Mortgage Association

Damien G. Stewart Esq.
Fannie Mae
3900 Wisconsin Ave., NW
M.S. 1H-2S/05 Room #3221
Washington, DC   20016-2892
Phone: 202-752-7000
damien_g_stewart@fanniemae.com
   Parties Represented:
   Federal National Mortgage Association

I declare under penalty of perjury the foregoing to be true and correct. Executed at Atlanta,

GEORGIA on  September 29, 2014.

*Lauryn Hall*

Lauryn Hall
lhall@jamsadr.com